# EXHIBIT A



CONFORMED
COPY OF ORIGINAL FILING

JUN 26 2018

NAVAJO COUNTY SUPERIOR COURT
DEANNE M. ROMO, CLERK

1 Robert W. Boatman (009619
Shannon L. Clark (019708)
2 Gallagher & Kennedy, P.A.
2575 East Camelback Road
3 Phoenix, Arizona 85016-9225
602-530-8000
4 rwb@gknet.com
slc@gknet.com
5 Attorneys for Plaintiffs

6

7 IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8 IN AND FOR THE COUNTY OF NAVAJO

9 MERLYNN PUHUYAOMA as Guardian and
Conservator of Leelyn Humphrey and Seinna     No. CV 2018 00 316
10 Humphrey, AND ON BEHALF OF THE
STATUTORY BENEFICIARIES OF Barry
11 Alan Humphrey, deceased,

**Complaint**

12              Plaintiffs,
                                              **(Wrongful Death, Strict Products
                                              Liability; Negligence)**
13 vs.

14 YOKOHAMA TIRE CORPORATION, a
California corporation; ACCUSHINE, INC., an
15 Arizona corporation, dba ACCUSHINE AUTO
SALES; JOHN and JANE DOES I-X; and ABC
16 COMPANIES I-X,

17              Defendants.

18      Plaintiffs, for their Complaint against Defendants, allege as follows:

19                          **INTRODUCTION**

20      1.      On July 3, 2016, Barry Alan Humphrey was driving his 1998 Mercury

21 Mountaineer on State Route 87, southbound near milepost 359.7, just north of Winslow,

22 Arizona, in Navajo County.

2.     Merlynn Puhuyaoma and Leelyn Humphrey were seated in the front passenger seats and Seinna Humphrey was seated in the second row center passenger seat.

3.     At approximately 3:47 p.m. the tread on the left rear tire separated.

4.     The unexpected and violent tread separation caused a loss of control in the vehicle resulting the Mercury leaving the roadway and rolling multiple times.

5.     Barry Alan Humphrey was ejected and died at the scene.

6.     The three passengers, Merlynn Puhuyaoma, Leelyn Humphrey and Seinna Humphrey were injured in the rollover incident.

7.     The failed tire was designed and manufactured by Yokohama Tire Corporation ("Yokohama") and sold by Accushine, Inc.

8.     The failed tire's United States Department of Transportation number is CCBNV172612 indicating that it is a tire that was manufactured during the 26th week of 2012.

9.     This action is brought against Defendants to recover damages for the wrongful death of Barry Alan Humphrey and injuries sustained by Merlynn Puhuyaoma, Leelyn Humphrey and Seinna Humphrey.  The action also seeks property damages.

**PARTIES, JURISDICTION AND VENUE**

10.     Plaintiffs incorporate by reference all proceeding allegations as set forth herein.

11.     Plaintiffs were at all material times residents of Navajo County, Arizona.

12.     Plaintiff Merlynn Puhuyaoma is the natural mother of Plaintiffs Leelyn Humphrey and Seinna Humphrey.  She brings this action on behalf of herself, as guardian

2

1  *ad litem* for her minor children and on behalf of all the statutory beneficiaries for the

2  wrongful death of Barry Alan Humphrey.

3    13.    Defendant Yokohama is a California corporation authorized to do business in

4  Arizona.

5    14.    Defendant Accushine, Inc. is an Arizona corporation, doing business in

6  Navajo County, Arizona, as Accushine Auto Sales ("Accushine").

7    15.    Defendants John and Jane Does I-X and ABC Companies I-X are persons,

8  organizations, entities, sole proprietorships, partnerships, limited liability companies,

9  corporations and other business entities, whose conduct, true names and identities are

10  unknown at this time.  Plaintiffs request leave to amend this Complaint when such

11  information is discovered.

12    16.    Defendants Yokohama, Accushine, John and Jane Does I-X and ABC

13  Companies I-X (collectively, "Defendants") caused injuries and events to occur to

14  residents of Navajo County, Arizona, out of which the following causes of action arise.

15    17.    Navajo County is a proper venue because the incident occurred there and

16  Defendant Accushine is domiciled there.

17    18.    Plaintiffs' injuries and damages were sustained in Navajo County, Arizona.

18    19.    Plaintiffs have incurred damages in an amount exceeding the minimum

19  jurisdictional limit of this Court.

20  / / /

21  / / /

22

## COUNT I

### (STRICT PRODUCTS LIABILITY – DEFENDANTS YOKOHAMA AND ACCUSHINE

20.     Plaintiffs hereby incorporate by reference all prior allegations in this Complaint as though fully set forth herein.

21.     The tire that failed is a Big O Big Foot S/T 265/65R17, DOT CC7Y V2F 2312.  The tire was manufactured by Yokohama at its Salem, Virginia, plant during the 23rd week of 2012.  The tire was mounted in the left rear position on the subject vehicle at the time it failed.

22.     The tire was sold and introduced into the stream of commerce by Defendants Yokohama and Accushine.

23.     Defendants Yokohama and Accushine are engaged in the business of manufacturing and/or selling tires, and manufactured, sold or otherwise placed into the stream of commerce the tire that failed in this accident.

24.     Defendants Yokohama and Accushine sold the tire in a condition that was defective, unfit and unreasonably dangerous for its intended and foreseeable use at the time it left the sellers.  The tire was defective in design and manufacture, and defective due to inadequate warnings or instructions concerning its use.  Defendants Yokohama and Accushine are strictly liable to Plaintiffs in tort.

25.     At the time of the accident, the subject tire was being used for its intended purpose in a manner foreseeable to Defendant Yokohama.

26.     Plaintiffs were relying on the skill and judgment of Defendant Yokohama to

1  ensure that the tire would be suitable for the purposes for which Plaintiffs would be using

2  it.

3      27.    It was economically, technologically, and practically feasible at the time the

4  tire was designed, manufactured, sold and/or placed into the stream of commerce to

5  provide proper warnings of the risk of the tire's tread separating and causing rollover

6  incidents.

7      28.    It was economically, technologically, and practicably feasible at the tire was

8  designed, manufactured, sold, and/or placed into the stream of commerce to ensure that the

9  tire's tread did not separate under normal driving conditions.

10      29.    As a direct and proximate result of the defective and unreasonably dangerous

11  condition of the subject tire, Plaintiffs were seriously injured.

12      30.    As a direct and proximate result of the defective and unreasonably dangerous

13  condition of the subject tire, the spousal and parent-child relationships have been

14  destroyed.

15      31.    As a direct and proximate result of the defective and unreasonably dangerous

16  condition of the subject tire, Plaintiffs sustained personal injuries, incurred medical

17  expenses and will continue in the future to incur medical expenses, lost wages and other

18  special damages.

19      32.    Plaintiffs are informed and believe that Defendant Yokohama knew or

20  should have known about the defects alleged in this Complaint and that death and serious

21  injuries could occur.  Nonetheless, the defects were not corrected by Defendant

22  Yokohama, nor did Defendant Yokohama warn the public about these defects and the risks

1    that they posed.  Instead, it deliberately and intentionally concealed such information from

2    the public.  Such acts and/or omissions, constitute willful, wanton, reckless and malicious

3    behavior and/or a conscious disregard of the substantial risk that such conduct might

4    threaten a life like that of Plaintiffs.

5        33.    Plaintiffs are accordingly entitled to punitive damages against Defendant

6    Yokohama.

7                                   **COUNT II**

8              **(NEGLIGENCE – DEFENDANTS YOKOHAMA AND ACCUSHINE)**

9        34.    Plaintiffs hereby incorporate by reference all prior allegations in this

10   Complaint as though fully set forth herein.

11       35.    Defendant Yokohama was negligent in its design, manufacture, inspection,

12   distribution and sale of the above-described tire and in its failure to warn and instruct with

13   respect to the proper use of that tire.

14       36.    Defendant Yokohama had a duty to Plaintiffs to exercise reasonable and

15   ordinary care in the formulation, testing, design, manufacture and marketing of the tire and

16   to provide adequate warnings concerning the proper use of the tire.

17       37.    Defendant Yokohama breached these duties to Plaintiffs by designing,

18   manufacturing, advertising and selling tires that have an unreasonably dangerous

19   propensity to experience a sudden and catastrophic tread separation that can foreseeably

20   result in rollover accidents.

21       38.    Defendant Yokohama further breached its duty to Plaintiffs by failing to

22   provide adequate warnings concerning the proper use of its product and the unreasonably

6

1  dangerous propensities of that product.

2      39.     Defendant Yokohama further breached its duty to Plaintiffs by failing to

3  promptly recall the tire or take other appropriate remedial action.

4      40.     Defendant Yokohama knew or should have known that the tire was

5  unreasonably dangerous and was not as warranted and represented by Defendant

6  Yokohama.

7      41.     Upon belief, Defendant Yokohama may argue that Accushine was negligent

8  in its service or inspection of the subject tire.  In such event, Plaintiffs adopt their

9  allegations in an abundance of caution and to avoid a non-party at fault designation.

10      42.     As a direct and proximate result of the negligence of Defendants Yokohama

11  and (alternatively) Accushine, the tire failed and caused the loss of control of the Mercury

12  Mountaineer, resulting in Plaintiffs' injuries and damages set forth above.

13      43.     Plaintiffs are informed and believe that Defendant Yokohama knew or

14  should have known about the negligence alleged in this Complaint and that life-threatening

15  incidents such as this could occur as a result.  Nonetheless, Defendant Yokohama did not

16  take measures to remedy its negligence, nor did it warn the public or consumers like

17  Plaintiffs about its negligence and the risks that it posed.  Instead, Defendant Yokohama

18  deliberately and intentionally concealed such information from the public.  Such acts

19  and/or omissions constitute willful, wanton, reckless, and malicious behavior and/or a

20  conscious disregard of the substantial risk that such conduct might threaten the life, or

21  seriously injure the physical health, welfare, and safety of the public, including consumers

22  like Plaintiffs.

44.   Accordingly, Plaintiffs are entitled to punitive damages against Defendant Yokohama.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

### PRAYER

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.   For general damages to compensate Plaintiffs for the disability, pain, anguish, sorrow, mental suffering, stress and shock that they have experienced, and will continue to experience in the future, as a result of their injuries;

B.   For the reasonable value of medical expenses incurred and to be incurred in the future for the incident-related care of Plaintiffs;

C.   For past and future wage loss and loss of earning capacity;

D.   For general damages to compensate Plaintiffs for the loss of consortium resulting from the wrongful death of Barry Alan Humphrey and other cognizable damages;

E.   For loss of household services;

F.   For the reasonable value of funeral and burial expenses incurred for services rendered for Barry Alan Humphrey;

G.   For other general and special damages available under law;

H.   For punitive damages against Defendant Yokohama to punish and deter Defendant Yokohama, and others similarly situated, from engaging in like conduct in the future;

I.   For pre-judgment interest on liquidated damages;

8

J.     For Plaintiffs' cost of suit; and

K.     For such other and further relief as the Court deems just and proper.

DATED June 21, 2018.

GALLAGHER & KENNEDY, P.A.

By: _____
Robert W. Boatman
Shannon L. Clark
2575 East Camelback Road
Phoenix, Arizona 85016
*Attorneys for Plaintiffs*

6646795v2/28424-0001

9



CONFORMED
COPY OF ORIGINAL FILING
JUN 26 2018
NAVAJO COUNTY SUPERIOR COURT
DEANNE M. ROMO, CLERK

1   Robert W. Boatman (009619)
    Shannon L. Clark (019708)
2   Gallagher & Kennedy, P.A.
    2575 East Camelback Road
3   Phoenix, Arizona 85016-9225
    602-530-8000
4   rwb@gknet.com
    slc@gknet.com
5   Attorneys for Plaintiffs

6

7           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                 IN AND FOR THE COUNTY OF NAVAJO

9   MERLYNN PUHUYAOMA as Guardian and     No. CV 2018 00316
    Conservator of Leelyn Humphrey and Seinna
10   Humphrey, AND ON BEHALF OF THE
    STATUTORY BENEFICIARIES OF Barry     **Certificate of Arbitration**
11   Alan Humphrey, deceased,

12             Plaintiffs,

13         vs.

14   YOKOHAMA TIRE CORPORATION, a
    California corporation; ACCUSHINE, INC., an
15   Arizona corporation, dba ACCUSHINE AUTO
    SALES; JOHN and JANE DOES I-X; and ABC
16   COMPANIES I-X,

17             Defendants.

18

19         The undersigned certifies that he knows the dollar limits and any other limitations

20   set forth by the Local Rules of practice for this Court, and further certifies that this case IS

21   NOT subject to compulsory arbitration as provided by Rules 72 through 77 of the Arizona

22   Rules of Civil Procedure.

*Gallagher & Kennedy, P.A.*
*2575 East Camelback Road*
*Phoenix, Arizona 85016-9225*

1    DATED June 21, 2018.

2                                    GALLAGHER & KENNEDY, P.A.

3

4                         By: _____
                              Robert W. Boatman
5                              Shannon L. Clark
                              2575 East Camelback Road
6                              Phoenix, Arizona 85016
                              *Attorneys for Plaintiffs*

7

8    6672475v1/28424-0001

9

10

11

12

13

14

15

16

17

18

19

20

21

22

CONFORMED
COPY OF ORIGINAL FILING

JUN 26 2018

NAVAJO COUNTY SUPERIOR COURT
DEANNE K. ROMO, CLERK

Robert W. Boatman (009619
Shannon L. Clark (019708)
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000
rwb@gknet.com
slc@gknet.com
Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF NAVAJO

| MERLYNN PUHUYAOMA as Guardian and Conservator of Leelyn Humphrey and Seinna Humphrey, AND ON BEHALF OF THE STATUTORY BENEFICIARIES OF Barry Alan Humphrey, deceased, | No. CV 2018 0 0 3 1 6 |
|---|---|
| Plaintiffs, | Demand for Jury Trial |
| vs. | |
| YOKOHAMA TIRE CORPORATION, a California corporation; ACCUSHINE, INC., an Arizona corporation, dba ACCUSHINE AUTO SALES; JOHN and JANE DOES I-X; and ABC COMPANIES I-X, | |
| Defendants. | |

Plaintiffs, through undersigned counsel, hereby demands a trial by jury of all issues so triable, in accordance with Rule 38(b), Arizona Rules of Civil Procedure.

DATED June 21, 2018.

GALLAGHER & KENNEDY, P.A.

By: _____
Robert W. Boatman
Shannon L. Clark
2575 East Camelback Road
Phoenix, Arizona 85016
*Attorneys for Plaintiffs*

6672451v1/28424-0001

2

FILED
Deanne Romo
CLERK, SUPERIOR COURT
08/01/2018  6:17PM
BY: MRUSSELL
DEPUTY

1 | Brian R. Booker  (SBN:  015637)
**Gordon Rees Scully Mansukhani, LLP**
2 | 111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
3 | Telephone:  (602) 794-2491
Facsimile:  (602) 265-4716
4 | bbooker@grsm.com

5 | Jeffrey A. Swedo  (To be admitted *pro hac vice*)
**GORDON REES SCULLY MANSUKHANI, LLP**
6 | 2211 Michelson Drive, Suite 400
Irvine, CA 92612
7 | Telephone:  (949) 255-6950
Facsimile:  (949) 474-2060
8 | jswedo@grsm.com

9 | *Attorneys for Defendant*
*Yokohama Tire Corporation*

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**NAVAJO COUNTY**

MERLYNN PUHUYAOMA as
Guardian and Conservator of Leelyn
Humphrey and Seinna Humphrey, AND
ON BEHALF OF THE STATUTORY
BENEFICIARIES OF Barry Alan
Humphrey, deceased,

      Plaintiffs,

  vs.

YOKOHAMA TIRE CORPORATION,
a California corporation; ACCUSHINE,
INC., an Arizona corporation, dba
ACCUSHINE AUTO SALES; JOHN
and JANE DOES I-X; and ABC
COMPANIES I-X,

      Defendants.

**CASE NO.  S0900CV201800316**

**NOTICE OF FILING NOTICE OF
REMOVAL TO FEDERAL COURT**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PARTIES, AND THEIR
ATTORNEYS**

  PLEASE TAKE NOTICE that a Notice of Removal of this action was filed by
Defendant Yokohama Tire Corporation in the United States District Court for the District
of Arizona on August 1, 2018. A copy of the Notice of Removal (without exhibits) is

-1-

*(Left margin, vertical text:)* Gordon Rees Scully Mansukhani, LLP
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003

1    attached hereto as Exhibit 1, and is served and filed herewith.

2           Pursuant to 28 U.S.C. § 1446, the filing of the Notice of Removal in the United

3    States District Court, together with the filing of a copy of the Notice of Removal with this

4    Court, effects removal of this action and the above-captioned court may proceed no

5    further unless or until the case is remanded.

6

7           Dated this 1st day of August, 2018.

8                                           GORDON REES SCULLY
                                            MANSUKHANI, LLP
9

10

11                                          By:   /s/  Brian R. Booker
                                                  Brian R. Booker
12

13                                          Attorneys for Defendant
                                            Yokohama Tire Corporation
14

15   ORIGINAL electronically filed this
     1st day of August, 2018, with copies mailed to:
16

17   Robert W. Boatman
     Shannon L. Clark
18   Gallagher & Kennedy, P.A.
     2575 East Camelback Road
19   Phoenix, Arizona 85016-9225
     *Attorneys for Plaintiffs*
20

21   Jacob Speckhard
     Jones Skelton Hochuli, PLC
22   40 N. Central Ave., Suite 2700
     Phoenix, AZ 85004
23   *Attorneys for Defendant Accushine, Inc.*
24

25

26   *By:  Angelina Chavez*

27

28

Gordon Rees Scully Mansukhani, LLP
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003

1161643/39461168v.1

-2-

FILED
Deanne Romo
CLERK, SUPERIOR COURT
08/09/2018 3:13PM
BY: MRUSSELL
DEPUTY

1   Ryan J. McCarthy, Bar #020571
    Jacob L. Speckhard, Bar #032442
2   JONES, SKELTON & HOCHULI, P.L.C.
    40 North Central Avenue, Suite 2700
3   Phoenix, Arizona 85004
    Telephone: (602) 263-1789
4   Fax: (602) 200-7878
    rmccarthy@jshfirm.com
5   jspeckhard@jshfirm.com
    minuteentries@jshfirm.com
6
    Attorneys for Defendant Accushine, Inc. dba
7   Accushine Auto Sales

8                  **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                            **COUNTY OF NAVAJO**

10  MERLYNN PUHUYAOMA as Guardian and          NO. CV2018-00316
    Conservator of Leelyn Humphrey and Seinna
11  Humphrey, AND ON BEHALF OF THE             **DEFENDANT ACCUSHINE, INC.'S**
    STATUTORY BENEFICIARIES OF Barry           **ANSWER TO PLAINTIFF'S**
12  Alan Humphrey, deceased,                   **COMPLAINT**

13                                Plaintiff,   (Assigned to the Honorable )

14          v.

15  YOKOHAMA TIRE CORPORATION, a
    California corporation; ACCUSHINE, INC.,
16  an Arizona corporation, dba ACCUSHINE
    AUTO SALES; JOHN and JANE DOES I-X;
17  and ABC COMPANIES I-X,

18                                Defendants.

19

20          Defendant, Accushine, Inc. dba Accushine Auto Sales ("Defendant"), by and

21  through undersigned counsel, for its Answer to Plaintiff's Complaint, admits, denies, and alleges

22  as follows:

23                              **INTRODUCTION**

24          1.      Defendant lacks sufficient information to form a belief as to the truth of the

25  allegations contained in Paragraph 1 of Plaintiffs' Complaint, and therefore denies the same.

2.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint, and therefore denies the same.

3.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint, and therefore denies the same.

4.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint, and therefore denies the same.

5.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

6.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint, and therefore denies the same.

7.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint, and therefore denies the same.

8.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint, and therefore denies the same.

9.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint, and therefore denies the same.

### PARTIES, JURISDICTION AND VENUE

10.      Defendant incorporates its responses to Paragraphs 1 through 9 above as if fully repeated and set forth herein.

11.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint, and therefore denies the same.

12.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint, and therefore denies the same.

13.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint, and therefore denies the same.

14.     Defendant admits the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.     Defendant will respond to the allegations contained in Paragraph 15 of Plaintiffs' Complaint, if and when, Plaintiffs seek leave to amend their Complaint to include the true names of the fictitiously named Defendants.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.     Defendant admits the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendant admits the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendant admits the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

## COUNT I

### STRICT PRODUCTS LIABILITY – DEFENDANTS YOKOHAMA AND ACCUSHINE

20.     Defendant hereby incorporates its responses to Paragraphs 1 through 19 above as if fully repeated and set forth herein.

21.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint, and therefore denies the same.

22.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint, and therefore denies the same.

23.     Defendant admits that it buys and sells used vehicles.  Defendant denies that it is engaged in the business of manufacturing and/or selling tires, and denies the remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Complaint, and therefore denies the same.

26.     The allegations contained in Paragraph 26 of Plaintiffs' Complaint do not pertain to Defendant, thus no response is required.   To the extent a response is required, the same is denied.

27.     The allegations contained in Paragraph 27 of Plaintiffs' Complaint do not pertain to Defendant, thus no response is required.   To the extent a response is required, the same is denied.

28.     The allegations contained in Paragraph 28 of Plaintiffs' Complaint do not pertain to Defendant, thus no response is required.   To the extent a response is required, the same is denied.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.     The allegations contained in Paragraph 32 of Plaintiffs' Complaint do not pertain to Defendant, thus no response is required.   To the extent a response is required, the same is denied.

33.     The allegations contained in Paragraph 33 of Plaintiffs' Complaint do not pertain to Defendant, thus no response is required.   To the extent a response is required, the same is denied.

## COUNT II

**(NEGLIGENCE - DEFENDANTS YOKOHAMA AND ACCUSHINE)**

34. Defendant hereby incorporates its responses to Paragraphs 1 through 33 above as if fully repeated and set forth herein.

35. The allegations contained in Paragraph 35 of Plaintiffs' Complaint do not pertain to Defendant, thus no response is required. To the extent a response is required, the same is denied.

36. The allegations contained in Paragraph 36 of Plaintiffs' Complaint do not pertain to Defendant, thus no response is required. To the extent a response is required, the same is denied.

37. The allegations contained in Paragraph 37 of Plaintiffs' Complaint do not pertain to Defendant, thus no response is required. To the extent a response is required, the same is denied.

38. The allegations contained in Paragraph 38 of Plaintiffs' Complaint do not pertain to Defendant, thus no response is required. To the extent a response is required, the same is denied.

39. The allegations contained in Paragraph 39 of Plaintiffs' Complaint do not pertain to Defendant, thus no response is required. To the extent a response is required, the same is denied.

40. The allegations contained in Paragraph 40 of Plaintiffs' Complaint do not pertain to Defendant, thus no response is required. To the extent a response is required, the same is denied.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.     The allegations contained in Paragraph 43 of Plaintiffs' Complaint do not pertain to Defendant, thus no response is required.   To the extent a response is required, the same is denied.

44.     The allegations contained in Paragraph 44 of Plaintiffs' Complaint do not pertain to Defendant, thus no response is required.   To the extent a response is required, the same is denied.

45.     Defendant denies each and every allegation not specifically admitted or otherwise addressed herein.

## **AFFIRMATIVE DEFENSES**

1.     Defendant alleges, by way of affirmative defense, that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     As and for a further defense and in the alternative, Defendant alleges that Plaintiffs failed to mitigate their damages, thus barring or reducing recovery against Defendant.

3.     As and for a further defense and in the alternative, Defendant alleges that Plaintiffs may have not been wearing their seatbelts at the time of the accident, which may have caused or contributed to any alleged injuries Plaintiffs may have sustained in the accident, and which should bar or reduce any damages recoverable by Plaintiffs from Defendant.

4.     As and for a further defense and in the alternative, Defendant alleges that Plaintiffs were contributorily negligent and/or any damages sustained by Plaintiffs were the result of an intervening/superseding cause, or occurred as a result of the negligence of someone other than Defendant, all of which would bar or reduce any damages recoverable by Plaintiffs from Defendant.

5.     As and for a further defense and in the alternative, Defendant alleges that Plaintiffs were negligent, in whole or in part, which should bar or reduce any damages recoverable by Plaintiffs from Defendant.

6.      As and for a further defense and in the alternative, Defendant alleges that Plaintiffs injuries may be the result of pre-existing medical conditions unrelated to those alleged to have occurred in the subject accident which may bar or reduce any damages recoverable by Plaintiffs from Defendant.

7.      As and for a further defense and in the alternative, Defendant alleges that Defendant did not manufacture or sell a defective product and/or that said product was not unreasonably dangerous when it left Defendant's possession.

8.      As and for a further defense and in the alternative, Defendant alleges that it did not create a dangerous condition that caused Plaintiffs' alleged injuries, and asserts that it is not indebted to Plaintiffs in any amount under any legal theory whatsoever.

9.      As and for a further defense and in the alternative, Defendant alleges that it did not know, and had no reason to know, of any alleged dangerous condition(s) that allegedly caused Plaintiffs' damages.

10.     As and for a further defense and in the alternative, Defendant alleges all affirmative defenses available pursuant to A.R.S. §§ 12-681 through 12-689.

11.     As and for a further defense and in the alternative, Defendant alleges that the manufacturer of the subject product utilized plans/designs and methods and techniques of manufacturing, inspecting, testing, and labeling that were state of the art at the time the product was initially sold by the manufacturer. *See* A.R.S. § 12-683(1).

12.     As and for a further defense and in the alternative, Defendant alleges that an alteration or modification of the subject product or its component parts was not reasonably foreseeable, made by someone other than Defendant, and/or subsequent to the time the vehicle was first sold by Defendant, which may have contributed to Plaintiffs' damages. *See* A.R.S. § 12-683(2).

13.     As and for a further defense and in the alternative, Defendant alleges that the proximate cause of the incident giving rise to Plaintiffs' alleged injuries may have been the

use of product that was for a purpose, in a manner or in an activity, other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on or attached to the product or on its original container or wrapping.  Plaintiffs or other named or unknown culpable parties knew, or with the exercise of reasonable and diligent care should have known, of such instructions or warnings. *See* A.R.S. § 12-683(3).

14.    As and for a further defense and in the alternative, Defendant alleges that Plaintiffs' claims are barred by doctrines of expressed or implied preemption as a result of the manufacturer's compliance with all applicable government and industry law and/or standards in the design and manufacture of the subject product.

15.    As and for a further defense and in the alternative, Defendant alleges that Plaintiffs cannot present an alternative design that would render the product safer overall.  *See* RESTATEMENT (THIRD) OF TORTS: PRODUCT LIABILITY § 2.

16.    As and for a further defense and in the alternative, Defendant alleges that the subject product was appropriate for its intended use and was not defective.

17.    As and for a further defense and in the alternative, Defendant alleges that Plaintiffs may have failed to properly follow warnings and/or instructions related to the use of the subject product.

18.    As and for a further defense and in the alternative, Defendant alleges that Defendant, if found liable for the allegations contained in Plaintiffs' Complaint, is entitled to contribution from other Defendants and parties, named and unnamed, by way of the doctrine of contribution.

19.    As and for a further defense and in the alternative, Defendant alleges that Defendant alleges that Plaintiffs are barred from recovery pursuant to A.R.S. § 12-711.

20.    Although Defendant does not presently have specific facts in support of the remaining defenses, they wish to put counsel for Plaintiffs upon notice that they hereby raise the following defenses which, through subsequent discovery may, indeed, be supported by the facts:

1   assumption of the risk, statute of limitations, privilege and/or immunity, abatement under Rule

2   6(f), lack of jurisdictions over the subject matter, lack of jurisdiction over the person, according

3   and satisfaction, arbitration and award, discharge of bankruptcy, duress, estoppel, failure of

4   consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds,

5   insufficiency of process and insufficiency of service of process and waiver.

6          WHEREFORE, having fully answered the allegations of Plaintiff's Complaint,

7   Defendant prays that same be dismissed with prejudice, that Plaintiff take nothing thereby, that

8   Defendant be awarded its costs and attorneys' fees incurred herein, and for such other and

9   further relief as to this Court seems just in the premises.

10          DATED this 9th day of August, 2018.

11                          JONES, SKELTON & HOCHULI, P.L.C.

12

13                          By /s/ Ryan J. McCarthy
                                Ryan J. McCarthy
14                              Jacob L. Speckhard
                                40 North Central Avenue, Suite 2700
15                              Phoenix, Arizona  85004
                                Attorneys for Defendant Accushine, Inc. dba
16                              Accushine Auto Sales

17

ORIGINAL of the foregoing electronically filed
18   this 9th day of August, 2018.

19   COPY of the foregoing mailed/e-mailed
20   this 9th day of August, 2018, to:

21   Robert W. Boatman, Esq.
     Shannon L. Clark, Esq.
22   Gallagher & Kennedy, P.A.
     2575 E. Camelback Road
23   Phoenix, AZ  85016-9225
     Attorneys for Plaintiffs
24
     /s/ Mary Creed
25

26

Docketed

MAR 1 1 2019

**IN THE SUPERIOR COURT, STATE OF ARIZONA**        Superior Court

**IN AND FOR THE COUNTY OF NAVAJO**

| | |
|---|---|
| **JUDGE: MICHALA M. RUECHEL** | **DATE: March 11, 2019** |
| **DIVISION: IV** | **ISSUED BY: Glenda Walters** |

| NOTICE |
|---|

| | |
|---|---|
| **PUHUYAOMA**                  **Plaintiff** | **Case No.  S  -0900   CV201800316** |
| **v.** | |
| **YOKOHAMA TIRE CORP., et al** | |
|                              **Defendants** | |

  This matter having been remanded back to Navajo County, the Court schedules a telephonic status/scheduling conference for the **26th day of April, 2019 at 1:15 p.m.**

  Parties are directed to call the Court at 928-524-4159 at the scheduled time.

Copies to: Robert Boatman; Brian Booker; Ryan McCarthy; Shannon Clark; Jacob Speckhard; Samuel Arrowsmith; Jeffrey Swedo; CFM

1  Robert W. Boatman (009619
   Shannon L. Clark (019708)
2  Gallagher & Kennedy, P.A.
   2575 East Camelback Road
3  Phoenix, Arizona 85016-9225
   602-530-8000
4  rwb@gknet.com
   slc@gknet.com
5  Attorneys for Plaintiffs

6

   IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
7
   IN AND FOR THE COUNTY OF NAVAJO
8

9  MERLYNN PUHUYAOMA as Guardian and        No. CV2018-00316
   Conservator of Leelyn Humphrey and Seinna
   Humphrey, AND ON BEHALF OF THE
10 STATUTORY BENEFICIARIES OF Barry Alan
   Humphrey, deceased,                       **JOINT REPORT**
11
         Plaintiffs,
12
                                             (Assigned to the Honorable
   vs.                                            Michala Ruechel)
13
   YOKOHAMA    TIRE   CORPORATION,    a
14 California corporation; ACCUSHINE, INC., an
   Arizona corporation, dba ACCUSHINE AUTO
15 SALES; JOHN and JANE DOES I-X; and ABC
   COMPANIES I-X,
16
         Defendants.
17

18      The parties signing below certify that they have conferred about the matters set

19 forth in Rule 16(d), and that this case is not subject to the mandatory arbitration

20 provisions of Rule 72.  With regard to matters upon which the parties could not agree,

21 they have set forth their positions separately in item 14 below.  The parties are submitting

22

a Proposed Scheduling Order with this Joint Report.  Each date in the Joint Report and in the Proposed Scheduling Order includes a calendar month, day, and year.

1.    **Brief description of the case:**    Plaintiffs allege injuries as a result of an unexpected violent tire tread separation, causing Plaintiffs to lose control of their vehicle, leaving the highway and rolling several times.  Defendants deny liability or that any conduct of theirs caused injury to Plaintiff.

●    If a claimant is seeking other than monetary damages, specify the relief sought.  **Not Applicable.**

2.    **Current case status:**  Every defendant has been served or dismissed:  [ **X** ] yes  [ ] no

●    Every party who has not been defaulted has filed a responsive pleading:

[ **X** ] yes  [ ] no

●    Explanation of a "no" response to either of the above statements:

3.    **Amendments:**  A party anticipates filing an amendment to a pleading that will add a new party to the case:  [ ] yes  [ **X** ] no

4.    **Special case management:**  Special case management procedures are appropriate:

[ ] yes  [ **X** ] no

●    If "yes," the following case management procedures are appropriate because:

2

5.     **Settlement:**  The parties agree to engage in settlement discussions with a private mediator.

The parties will be ready for a settlement conference or a private mediation by **December 3, 2019.**

6.     **Readiness:**  This case will be ready for trial by **September 14, 2020.**

7.     **Jury:**  A trial by jury is demanded:  [ **X** ] yes  [  ] no

8.     **Length of Trial:**  The estimated length of trial is  __10__  days.

9.     **Summary Jury:**  The parties agree to a summary jury trial:  [  ] yes  [ **X** ] no

10.    **Preference:**  This case is entitled to a preference for trial pursuant to the following statute or rule:  **Not Applicable.**

11.    **Special Requirements:  None at this time.**

12.    **Scheduling Conference:**  The parties request a Rule 16(d) scheduling conference:  [  ] yes  [ **X** ] no

13.    **Other matters:**  Other matters that the parties wish to bring to the Court's attention that may affect management of this case: **Not Applicable.**

14.    **Items upon which the parties do not agree:**  The parties were unable in good faith to agree upon the following items, and the position of each party as to each item is as follows:  **Not Applicable.**

3

1    DATED this 13th day of June, 2019.

2                                         GALLAGHER & KENNEDY, P.A.

3

4                                         By /s/ Shannon L. Clark
                                              Robert W. Boatman
5                                             Shannon L. Clark
                                              2575 East Camelback Road
6                                             Phoenix, Arizona 85016-9225
                                              *Attorneys for Plaintiffs*

7                                         GORDON REES SCULLY
8                                         MANUSUKHANI, LLP

9                                         By /s/ Brian R. Booker
                                              Brian R. Booker
10                                            Jeffrey A. Swedo
                                              2211 Michelson Drive, Suite 400
11                                            Irvine, California 92612
                                              *Attorneys for Defendant Yokohama*
12

13

14

15

16

17   ELECTRONICALLY FILED
     With the Clerk of the Court and COPY
     delivered via ECF System this 13th _____
18   day of June, 2019, to:

19   Honorable Michala Ruechel
20   Navajo County Superior Court
     Division 4
21   100 Code Talkers Drive
     Holbrook, Arizona 86025

22

                                    4

1   COPY of the foregoing mailed this
    13th day of June, 2019, to:
2
    Brian  R. Booker, Esq.
3   Jeffrey A. Swedo, Esq.
    Gordon & Rees Scully Mansukhani
4   2211 Michelson Drive, Suite 400
    Irvine, California  92612
5   *Attorneys for Defendant Yokohama*

6
    /s/ Roberta L. Schmidt
7

8   7080453v1/28424-0001

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1    Robert W. Boatman (009619
       Shannon L. Clark (019708)
2    Gallagher & Kennedy, P.A.
       2575 East Camelback Road
3    Phoenix, Arizona 85016-9225
       602-530-8000
4    rwb@gknet.com
       slc@gknet.com
5    Attorneys for Plaintiffs

6

7          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8              IN AND FOR THE COUNTY OF NAVAJO

| | |
|---|---|
| MERLYNN PUHUYAOMA as Guardian and Conservator of Leelyn Humphrey and Seinna Humphrey, AND ON BEHALF OF THE STATUTORY BENEFICIARIES OF Barry Alan Humphrey, deceased, | No. CV2018-00316 |
| Plaintiffs, | **PROPOSED SCHEDULING ORDER** |
| vs. | (Assigned to the Honorable Michala Ruechel) |
| YOKOHAMA TIRE CORPORATION, a California corporation; ACCUSHINE, INC., an Arizona corporation, dba ACCUSHINE AUTO SALES; JOHN and JANE DOES I-X; and ABC COMPANIES I-X, | |
| Defendants. | |

Upon consideration of the parties' Joint Report, the Court orders as follows:

**1.**    **Initial disclosure:** The parties have exchanged their initial disclosure statements.

**2.**    **Expert witness disclosure:** The parties shall simultaneously disclose areas of expert testimony by **July 11, 2019**.

Plaintiffs shall disclose the identity and opinions of experts by **August 13, 2019**
and Defendants shall disclose the identity and opinions of experts by **October 8, 2019**.

Plaintiffs shall disclose the identity and opinions of their rebuttal experts by
**December 2, 2019.**

**3.     Lay (non-expert) witness disclosure:**  The parties shall disclose all lay witnesses
by **December 18, 2019.**

**4.     Final supplemental disclosure:**  Each party shall provide final supplemental
disclosure by **January 7, 2020**.  This order does not replace the parties' obligation to
seasonably disclose Rule 26.1 information on an on-going basis and as it becomes
available.

**No party shall use any lay witness, expert witness, expert opinion, or exhibit
at trial not disclosed in a timely manner, except upon order of the Court for good
cause shown or upon a written or an on-the-record agreement of the parties.**

**5.     Discovery deadlines:**  The parties will propound all discovery undertaken
pursuant to Rules 33 through 36 by **March 10, 2020**.  The parties will complete the
depositions of parties and lay witnesses by: **May 12, 2020**, and will complete the
depositions of expert witnesses by: **July 7, 2020**.  The parties will complete all other
discovery: **July 7, 2020.**

("Complete discovery" includes conclusion of all depositions and submission of
full and final responses to written discovery.)

**6.     Settlement conference or private mediation:** *[choose one]:

2

[ ]   **Referral to ADR for a settlement conference:**  The Clerk or the Court will issue a referral to ADR by a separate minute entry.

[ **X** ]   **Private mediation:**  The parties shall participate in mediation using a private mediator agreed to by the parties. The parties shall complete mediation by **December 3, 2019.**

All attorneys and their clients, all self-represented parties, and any non-attorney representatives who have full and complete authority to settle this case shall personally appear and participate in good faith in this mediation, even if no settlement is expected. However, if a non-attorney representative requests a telephonic appearance and the mediator grants the request prior to the mediation date, a non-attorney representative may appear telephonically.

[ ]   **No settlement conference or mediation:**  A settlement conference or private mediation is not ordered.

7.   **Dispositive motions and trial:**  The parties shall file all dispositive motions by **June 23, 2020.**

8.   **Trial setting conference:**  On _____, [the court will produce this date] the Court will conduct a telephonic trial setting conference.  Attorneys and self-represented parties shall have their calendars available for the conference.

[**X**] Plaintiff [ ] Defendant will initiate the conference call by arranging for the presence of all other counsel and self-represented parties, and by calling this division at _____ the scheduled time.

3

1   **9.     Firm dates:** No stipulation of the parties that alters a filing deadline or a hearing

2   date contained in this scheduling order will be effective without an order of this Court

3   approving the stipulation.   Dates set forth in this order that govern court filings or

4   hearings are firm dates, and may be modified only with this Court's consent and for good

5   cause.  This Court ordinarily will not consider a lack of preparation as good cause.

6   **10.     Further orders:** The Court further orders as follows:

7        DATED this _____ day of _____, 2019.

8

9

10   7080471v1/28424-0001                    _____

                                            The Honorable Michala Rueche

11

12

13

14

15

16

17

18

19

20

21

22

Docketed

MAR 1 1 2019

**IN THE SUPERIOR COURT, STATE OF ARIZONA**     Superior Court

**IN AND FOR THE COUNTY OF NAVAJO**

JUDGE:  **MICHALA M. RUECHEL**          DATE:  **March 11, 2019**

DIVISION:  **IV**                    ISSUED BY:  **Glenda Walters**

| NOTICE |
|---|

| | |
|---|---|
| **PUHUYAOMA**  **Plaintiff** **v.** **YOKOHAMA TIRE CORP., et al** **Defendants** | **Case No.  S -0900   CV201800316** |

This matter having been remanded back to Navajo County, the Court schedules a telephonic status/scheduling conference for the **26th day of April, 2019 at 1:15 p.m.**

Parties are directed to call the Court at 928-524-4159 at the scheduled time.

Copies to: Robert Boatman; Brian Booker; Ryan McCarthy; Shannon Clark; Jacob Speckhard; Samuel Arrowsmith; Jeffrey Swedo; CFM

1

1   Brian R. Booker  (SBN:  015637)
    **GORDON REES SCULLY MANSUKHANI, LLP**
2   One Renaissance Square
    Two North Central Avenue, Suite 2200
3   Phoenix, AZ 85004
    Telephone:  (602) 794-2491
4   Facsimile:  (602) 265-4716
    bbooker@grsm.com
5

6   Jeffrey A. Swedo  (To be admitted *pro hac vice*)
    **GORDON REES SCULLY MANSUKHANI, LLP**
7   2211 Michelson Drive, Suite 400
    Irvine, CA 92612
8   Telephone:  (949) 255-6950
    Facsimile:  (949) 474-2060
    jswedo@grsm.com
9

10   *Attorneys for Defendant*
    *Yokohama Tire Corporation*

11         **IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

12            **IN AND FOR THE COUNTY OF NAVAJO**

13

14   Merlynn Puhuyaoma as Guardian and   )  **Case No.  S0900 CV201800316**
    Conservator of Leelyn Humphrey and   )
15   Seinna Humphrey, and on behalf of the   )
    statutory beneficiaries of Barry Alan   )  **NOTICE OF CHANGE OF LAW FIRM**
16   Humphrey, deceased,   )  **ADDRESS**
                     )
17              Plaintiffs,   )
                     )
18      vs.   )
                     )
19   Yokohama Tire Corporation, a   )
    California corporation; Accushine, Inc.,   )
20   an Arizona corporation, dba Accushine   )
    auto Sales; John and Jane Does I-X; and   )
21   ABC Companies I-X,   )
                     )
22             Defendants.   )

23

24       Please take notice as of April 1, 2019, Arizona counsel for Defendant Yokohama

25   Tire Corporation have changed their address to:

26              **Gordon Rees Scully Mansukhani, LLP**
                    **One Renaissance Square**
27              **Two North Central, Suite 2200**
28                 **Phoenix, AZ 85004**

Gordon Rees Mansukhani, LLP
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004

RESPECTFULLY SUBMITTED this 10th day of April, 2019.

**GORDON REES SCULLY
MANSUKHANI, LLP**

By:  /s/  Brian R. Booker
Brian R. Booker

*Attorneys for Defendant
Yokohama Tire Corporation*

FILED via AZTurboCourt this
10th day of April, 2019.

COPIES sent via e-mail this
10th day of April, 2019 to:

Robert W. Boatman
Shannon L. Clark
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
*Attorneys for Plaintiffs*

Jacob Speckhard
Jones Skelton Hochuli, PLC
40 N. Central Ave., Suite 2700
Phoenix, AZ 85004
*Attorneys for Defendant Accushine, Inc.*

/s/  Angelina Chavez

-2-

1   Ryan J. McCarthy, Bar #020571
    Alexander R. LaCroix, Bar #030166
2   JONES, SKELTON & HOCHULI, P.L.C.
    40 North Central Avenue, Suite 2700
3   Phoenix, Arizona 85004
    Telephone: (602) 263-1789
4   Fax: (602) 200-7878
    rmccarthy@jshfirm.com
5   alacroix@jshfirm.com
    minuteentries@jshfirm.com
6
    Attorneys for Defendant Accushine, Inc. dba
7   Accushine Auto Sales

8                 **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                              **COUNTY OF NAVAJO**

10

11  MERLYNN PUHUYAOMA as Guardian and          NO. CV2018-00316
    Conservator of Leelyn Humphrey and Seinna
12  Humphrey, AND ON BEHALF OF THE             **NOTICE OF FILING PROPOSED**
    STATUTORY BENEFICIARIES OF Barry           **ORDER**
13  Alan Humphrey, deceased,
                                               (Assigned to the Honorable )
14                               Plaintiff,

15          v.

16  YOKOHAMA TIRE CORPORATION, a
    California corporation; ACCUSHINE, INC.,
17  an Arizona corporation, dba ACCUSHINE
    AUTO SALES; JOHN and JANE DOES I-X;
18  and ABC COMPANIES I-X,

19                               Defendants.

20
            Defendant Accushine, Inc., dba Accushine Auto Sales, through undersigned
21
    counsel, hereby gives notice of filing a proposed Order of Dismissal with Prejudice.  The draft
22
    order accompanies this Notice.
23

24

25

7636306.1

1          DATED this 29th day of May, 2019.

2                                JONES, SKELTON & HOCHULI, P.L.C.

3

4                          By /s/ Ryan J. McCarthy

5                              Ryan J. McCarthy
                                  Alexander R. LaCroix

6                              40 North Central Avenue, Suite 2700
                                Phoenix, Arizona  85004

7                              Attorneys for Defendant Accushine, Inc. dba
                                Accushine Auto Sales

8

9  ORIGINAL of the foregoing electronically filed
this 29th day of May, 2019.

10  COPY of the foregoing mailed/e-mailed
this 29th day of May, 2019, to:

11

12  Robert W. Boatman, Esq.
Shannon L. Clark, Esq.

13  Gallagher & Kennedy, P.A.
2575 E. Camelback Road

14  Phoenix, AZ  85016-9225
Attorneys for Plaintiffs

15

16  Brian R. Booker
One Renaissance Square

17  Two North Central, Suite 2200
Phoenix, AZ  85004
Attorney for Defendant Yokohama Tire Corporation

18

19  Jeffrey A. Swedo
Pro Hac Vice

20  Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400

21  Irvine, California  92612
Attorney for Defendant Yokohama Tire Corporation

22

23  /s/ Mary Creed

24

25

26

1  Ryan J. McCarthy, Bar #020571
   Alexander R. LaCroix, Bar #030166
2  JONES, SKELTON & HOCHULI, P.L.C.
   40 North Central Avenue, Suite 2700
3  Phoenix, Arizona  85004
   Telephone:  (602) 263-1789
4  Fax:  (602) 200-7878
   rmccarthy@jshfirm.com
5  alacroix@jshfirm.com
   minuteentries@jshfirm.com
6
   Attorneys for Defendant Accushine, Inc. dba
7  Accushine Auto Sales

8                SUPERIOR COURT OF THE STATE OF ARIZONA

9                          COUNTY OF NAVAJO

10
   MERLYNN PUHUYAOMA as Guardian and          NO. CV2018-00316
11 Conservator of Leelyn Humphrey and Seinna
   Humphrey, AND ON BEHALF OF THE             **STIPULATION TO DISMISS**
12 STATUTORY BENEFICIARIES OF Barry           **DEFENDANT ACCUSHINE, INC., dba**
   Alan Humphrey, deceased,                   **ACCUSHINE AUTO SALES ONLY**
13                                            **WITH PREJUDICE**
                                Plaintiff,
14                                            (Assigned to the Honorable Michala M.
        v.                                    Ruechel)
15
   YOKOHAMA TIRE CORPORATION, a
16 California corporation; ACCUSHINE, INC.,
   an Arizona corporation, dba ACCUSHINE
17 AUTO SALES; JOHN and JANE DOES I-X;
   and ABC COMPANIES I-X,
18
                                Defendants.
19

20
             It is hereby stipulated, by and between the parties through undersigned counsel, as
21
   follows:
22
             1.     The above-captioned action be dismissed with prejudice as to Defendant
23
   Accushine, Inc. dba Accushine Auto Sales ("Accushine") only, each party to bear their own
24
   costs and attorneys' fees; and
25

7635818.1

1    2.    Yokohama Tire Corporation agrees not to name Accushine as a nonparty at

2 fault or allege that it was wholly or partly at fault under A.R.S. §12-2506(B).

3         DATED this 29th day of May, 2019.

4                        JONES, SKELTON & HOCHULI, P.L.C.

5

6                        By /s/ Ryan J. McCarthy
                            Ryan J. McCarthy
7                           Alexander R. LaCroix
                            40 North Central Avenue, Suite 2700
8                           Phoenix, Arizona  85004
                            Attorneys for Defendant Accushine, Inc. dba
9                           Accushine Auto Sales

10

11                       GALLAGHER & KENNEDY, P.A.

12

13                       By /s/ Shannon L. Clark
                            Shannon L. Clark
14                          Robert W. Boatman
                            2575 E. Camelback Road
15                          Phoenix, Arizona  85016-9225
                            Attorneys for Plaintiffs
16

17

18                       GORDON REES SCULLY MANSUKHANI LLP

19

20                       By /s/ Brian R. Booker
                            Brian R. Booker
21                          One Renaissance Square
                            Two North Central, Suite 2200
22                          Phoenix, Arizona  85004
                            Attorneys for Defendant Yokohama Tire
23                          Corporation

24

25

26

7635818.1                            2

1   ORIGINAL of the foregoing electronically filed
this 29th day of May, 2019.

2

3   COPY of the foregoing mailed/e-mailed
this 29th day of May, 2019, to:

4

5   Robert W. Boatman, Esq.
Shannon L. Clark, Esq.
Gallagher & Kennedy, P.A.

6   2575 E. Camelback Road
Phoenix, AZ  85016-9225

7   Attorneys for Plaintiffs

8   Brian R. Booker
Gordon Rees Scully Mansukhani LLP

9   One Renaissance Square
Two North Central, Suite 2200

10  Phoenix, AZ  85004
Attorney for Defendant Yokohama Tire Corporation

11  Jeffrey A. Swedo

12  Pro Hac Vice
Gordon Rees Scully Mansukhani, LLP

13  2211 Michelson Drive, Suite 400
Irvine, California  92612

14  Attorney for Defendant Yokohama Tire Corporation

15  /s/ Mary Creed

16

17

18

19

20

21

22

23

24

25

26

FILED
Deanne Romo
CLERK, SUPERIOR COURT
06/10/2019  4:47PM
BY: MSAMPLE
DEPUTY

1  Robert W. Boatman (009619
   Shannon L. Clark (019708)
2  Gallagher & Kennedy, P.A.
   2575 East Camelback Road
3  Phoenix, Arizona 85016-9225
   602-530-8000
4  rwb@gknet.com
   slc@gknet.com
5  Attorneys for Plaintiffs

6

7               IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                 IN AND FOR THE COUNTY OF NAVAJO

9  MERLYNN PUHUYAOMA as Guardian and          No.  CV2018-00316
   Conservator of Leelyn Humphrey and Seinna
10 Humphrey, AND ON BEHALF OF THE
   STATUTORY BENEFICIARIES OF Barry Alan
11 Humphrey, deceased,                        MOTION TO EXTEND TIME TO
                                              FILE JOINT REPORT AND
12             Plaintiffs,                     PROPOSED SCHEDULING ORDER

13     vs.

14 YOKOHAMA TIRE CORPORATION, a               (Assigned to the Honorable
   California corporation; ACCUSHINE, INC., an      Michala Ruechel)
15 Arizona corporation, dba ACCUSHINE AUTO
   SALES; JOHN and JANE DOES I-X; and ABC
16 COMPANIES I-X,

17             Defendants.

18         Plaintiffs are in receipt of the Court's Minute Entry scheduling a non-appearance

19 review on June 10, 2019, at 5:00 p.m., to make certain that the Joint Report and

20 Scheduling Order in this matter was filed.

21         This motion requests that the parties are allowed and additional 10 days to file the

22

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225

1   Joint Report and Proposed Scheduling Order and the Court's review be continued until

2   June 20, 2019, at 5:00 p.m.

3          Good cause exists to allow parties additional time to file the Joint Report and

4   Proposed Scheduling Order, as well as the non-appearance review for a period of 10 days.

5          Plaintiff prepared a Joint Report and Proposed Scheduling Order and has emailed

6   the same to Defense counsel on April 30, 2019 and June 7, 2019 (Ex. 1).  Plaintiffs'

7   counsel has received no input or response from Defense counsel.

8          Thus, Plaintiffs respectfully requests that this Court extend the non-appearance

9   review, currently scheduled for June 10, 2019, for a period of 10 days, to allow Defense

10   counsel additional time to confer with Plaintiffs' counsel.

11          RESPECTFULLY SUBMITTED this 10th day of June, 2019.

12                                    GALLAGHER & KENNEDY, P.A.

13

14                                    By /s/ Shannon L. Clark
                                         Robert W. Boatman
                                         Shannon L. Clark
15                                       2575 East Camelback Road
                                         Phoenix, Arizona  85016-9225
16                                       *Attorneys for Plaintiffs*

17

18   ELECTRONICALLY FILED
     With the Clerk of the Court and COPY
     delivered via ECF System this 10th day of
19   June, 2019, to:

20   Honorable Michala Ruechel
     Navajo County Superior Court
21   Division 4
     100 Code Talkers Drive
22   Holbrook, Arizona  86025

2

1    COPY of the foregoing mailed this
     10th day of June, 2019, to:

2

   Brian  R. Booker, Esq.
3    Jeffrey A. Swedo, Esq.
     Gordon & Rees Scully Mansukhani
4    2211 Michelson Drive, Suite 400
     Irvine, California  92612
5    *Attorneys for Defendant Yokohama*

6    Jacob Speckhard, Esq.
     JONES SKELTON HOCHULI, PLC
7    40 North Central Ave., Suite 2700
     Phoenix, AZ  85004
8    *Attorneys for Defendant Acchushine, Inc.*

9

   /s/ Roberta L. Schmidt
10    _____

11    7359214v1/28424-0001

12

13

14

15

16

17

18

19

20

21

22

*Gallagher & Kennedy, P.A.*
*2575 East Camelback Road*
*Phoenix, Arizona 85016-4225*

3

# EXHIBIT 1

**Schmidt, Roberta L.**

| | |
|---|---|
| **From:** | Clark, Shannon L. |
| **Sent:** | Friday, June 07, 2019 1:34 PM |
| **To:** | bbooker@grsm.com |
| **Cc:** | Schmidt, Roberta L. |
| **Subject:** | Fwd: Humphrey - Joint Report D/L Monday 6/10 per Court Order |
| **Attachments:** | GK_DOCS-#7080453-v1-Joint_Report.DOC; ATT00001.htm; GK_DOCS-#7080471-v1-Proposed_Scheduling_Oder.DOC; ATT00002.htm |

Need your input ASAP. Due Monday. If you don't respond by 0900 Monday I will have to file our proposed dates and note that they do not reflect your input despite a few months of trying. I'll say it nicely but hope I don't need to.

Shannon

Sent from my iPhone
(please excuse any typos)

Begin forwarded message:

> **From:** "Schmidt, Roberta L." <roberta.schmidt@gknet.com>
> **Date:** June 7, 2019 at 11:16:05 AM MST
> **To:** "Clark, Shannon L." <SLC@gknet.com>
> **Subject: Humphrey - Joint Report D/L Monday 6/10 per Court Order**

This has to be filed by Monday, 6/10.

R

# Gallagher&Kennedy

2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225
602-530-8000 | www.gknet.com

Roberta L. Schmidt
Legal Assistant to
Shannon L. Clark
roberta.schmidt@gknet.com
602-530-8184

**Schmidt, Roberta L.**

| | |
|---|---|
| **From:** | Clark, Shannon L. |
| **Sent:** | Tuesday, April 30, 2019 6:34 AM |
| **To:** | Brian Booker; alacroix@jshfirm.com |
| **Cc:** | Boatman, Robert W.; Boatman, Matt; Schmidt, Roberta L. |
| **Subject:** | Fw: Humphrey - Joint Report and Proposed Scheduling Order |
| **Attachments:** | GK_DOCS-#7080471-v1-Proposed_Scheduling_Oder.DOC; GK_DOCS-#7080453-v1-Joint_Report.DOC |

Gents:

This ok to file?  I tweaked a few dates.

Shannon

---

**From:** Schmidt, Roberta L.
**Sent:** Monday, April 29, 2019 6:13 PM
**To:** Clark, Shannon L.
**Subject:** Humphrey - Joint Report and Proposed Scheduling Order

I made the edits requested.

Roberta

# Gallagher&Kennedy

| | |
|---|---|
| 2575 E. Camelback Road, Suite 1100 | Roberta L. Schmidt |
| Phoenix, Arizona 85016-9225 | Legal Assistant to |
| 602-530-8000 \| www.gknet.com | Shannon L. Clark |
| | roberta.schmidt@gknet.com |
| | 602-530-8184 |

Docketed

JUN 1 7 2019

Superior Court

1   Ryan J. McCarthy, Bar #020571
    Alexander R. LaCroix, Bar #030166
2   JONES, SKELTON & HOCHULI, P.L.C.
    40 North Central Avenue, Suite 2700
3   Phoenix, Arizona 85004
    Telephone: (602) 263-1789
4   Fax: (602) 200-7878
    rmccarthy@jshfirm.com
5   alacroix@jshfirm.com
    minuteentries@jshfirm.com
6
    Attorneys for Defendant Accushine, Inc. dba
7   Accushine Auto Sales

8                 **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                         **COUNTY OF NAVAJO**

10

11  MERLYNN PUHUYAOMA as Guardian and        NO. CV2018-00316
    Conservator of Leelyn Humphrey and Seinna
12  Humphrey, AND ON BEHALF OF THE            **ORDER TO DISMISS ACCUSHINE,**
    STATUTORY BENEFICIARIES OF Barry          **INC., DBA ACCUSHINE AUTO SALES**
13  Alan Humphrey, deceased,                  **ONLY WITH PREJUDICE**

14                              Plaintiff,    (Assigned to the Honorable Michala M.
                                              Ruechel )
15              v.

16  YOKOHAMA TIRE CORPORATION, a
    California corporation; ACCUSHINE, INC.,
17  an Arizona corporation, dba ACCUSHINE
    AUTO SALES; JOHN and JANE DOES I-X;
18  and ABC COMPANIES I-X,

19                              Defendants.

20
            Upon stipulation of the parties and good cause appearing therefore;
21
            IT IS ORDERED dismissing Defendant Accushine, Inc., dba Accushine Auto Sales
22
    only, from the above-captioned matter, with prejudice, each side to bear their own costs and
23
    attorney's fees.
24

25

1

2      IT IS FURTHER ORDERED Yokohama Tire Corporation agrees not to name

3  Accushine as a nonparty at fault or allege that it was wholly or partly at fault under A.R.S. §12-

4  2506(B).

5      DATED this _15_ day of _June_ 2019.

6

7                                           Michala M. Ruechel

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  c: CFM

25    Clark – Gallagher & Kennedy

26      Booker

          Lacrvix – Jones Skelton & Hochuli

          Swedo – Gordon Rees Scully     2

# EXHIBIT B

1   Brian R. Booker  (SBN: 015637)
    **GORDON REES SCULLY MANSUKHANI, LLP**
2   2 North Central Avenue, Suite 2200
    Phoenix, AZ 85004
3   Telephone: (602) 794-2491
    Facsimile: (602) 265-4716
4   bbooker@grsm.com

5   Jeffrey A. Swedo  (To be admitted *pro hac vice*)
    **GORDON REES SCULLY MANSUKHANI, LLP**
6   2211 Michelson Drive, Suite 400
    Irvine, CA 92612
7   Telephone: (949) 255-6950
    Facsimile: (949) 474-2060
8   jswedo@grsm.com

9   *Attorneys for Defendant*
    *Yokohama Tire Corporation*
10
                **SUPERIOR COURT OF THE STATE OF ARIZONA**
11
                        **NAVAJO COUNTY**
12

13
    MERLYNN PUHUYAOMA as          )   **CASE NO.  S0900CV201800316**
14  Guardian and Conservator of Leelyn )
    Humphrey and Seinna Humphrey, AND )
15  ON BEHALF OF THE STATUTORY     )   **NOTICE OF FILING NOTICE OF**
    BENEFICIARIES OF Barry Alan     )   **REMOVAL TO FEDERAL COURT**
16  Humphrey, deceased,            )
                                    )
17                  Plaintiffs,     )
                                    )
18      vs.                         )
                                    )
19  YOKOHAMA TIRE CORPORATION,     )
    a California corporation; ACCUSHINE, )
20  INC., an Arizona corporation, dba  )
    ACCUSHINE AUTO SALES; JOHN     )
21  and JANE DOES I-X; and ABC      )
    COMPANIES I-X,                  )
22                                  )
                    Defendants.     )
23  _____)

24  **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PARTIES, AND THEIR**

25  **ATTORNEYS**

26      PLEASE TAKE NOTICE that a Notice of Removal of this action was filed by

27  Defendant Yokohama Tire Corporation in the United States District Court for the District

28  of Arizona on June 19, 2019. A copy of the Notice of Removal (without exhibits) is

*Gordon Rees Scully Mansukhani, LLP*
*2 North Central Avenue, Suite 2200*
*Phoenix, AZ 85004*

-1-

attached hereto as **Exhibit 1**, and is served and filed herewith.

Pursuant to 28 U.S.C. § 1446, the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of the Notice of Removal with this Court, effects removal of this action and the above-captioned court may proceed no further unless or until the case is remanded.

Dated this _st day of June, 2019.

GORDON REES SCULLY
MANSUKHANI, LLP

By: _____
Brian R. Booker
Jeffrey A. Swedo (*To be admitted Pro Hac Vice*)

Attorneys for Defendant
Yokohama Tire Corporation

ORIGINAL electronically filed this _st day of June, 2019, with copies mailed to:

Robert W. Boatman
Shannon L. Clark
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
*Attorneys for Plaintiffs*

*By:* _____

Gordon Rees Scully Mansukhani, LLP
2 North Central Avenue, Suite 2200
Phoenix, AZ 85004

1161643/39461168v.1